UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMBROSE MATTHEW KYLER,<br><br>Defendant. | Criminal Action No. TDC-21-0497 |

**MEMORANDUM ORDER**

Defendant Ambrose Matthew Kyler, a federal prisoner at the Federal Correctional Institution Allenwood ("FCI–Allenwood") in White Deer, Pennsylvania, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 85. In his Motion, Kyler seeks release based on a claim that one of his convictions, for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), derives from an unconstitutional statute, and because of harsh conditions of confinement, family circumstances, and post-offense rehabilitation.

On December 7, 2022, Kyler was sentenced to a total term of 78 months of imprisonment, to be followed by three years of supervised release, after having pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and distribution of a controlled substance, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C). In light of credit for pretrial detention and projected good time credits, Kyler is currently scheduled to be released on January 4, 2027.

Upon receiving the Motion, the Court requested that the Office of the Federal Defender for the District of Maryland ("OFD") review the Motion and inform the Court whether it would seek appointment as counsel and file a supplemental brief in this matter. OFD has declined to do so.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)    in any case that—
>
>     (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i)    extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Kyler has not asserted or established that he made a request for compassionate release to the Warden of FCI–Allenwood.

I.    **Extraordinary and Compelling Reasons**

In seeking compassionate release, Kyler advances two primary reasons that could provide the necessary extraordinary and compelling reasons. First, he argues that in light of the United States Supreme Court's ruling in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), the felon-in-possession statute is now unconstitutional. Where Kyler has not provided any argument specific to the circumstances of his own case, the Court construes this argument as asserting a facial challenge to the constitutionality of the statute. The United States Court of Appeals for the Fourth Circuit, however, has recently held that 18 U.S.C. § 922(g)(1) is facially constitutional. *See United States v. Canada*, 103 F.4th 257, 258-59 (4th Cir. 2024). Moreover, any as-applied challenge would likely fail because Kyler has multiple prior convictions for violent offenses. Pre-Sentence Investigation Report ("PSR") ¶¶ 44-45, 49-50, ECF No. 64; *cf. United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024) (in addressing 18 U.S.C. § 922(g)(8), finding that the historical "tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others"). The Court therefore finds that this argument does not provide extraordinary and compelling reasons warranting compassionate release.

Kyler also argues that compassionate release is warranted because of the conditions of confinement at FCI–Allenwood, including the harsh conditions during the COVID-19 pandemic and ongoing issues, such as extended lockdowns that resulted in shower restrictions and unsatisfactory meals; significant use of the drug K2 among inmates; and limitations on the length of telephone calls. He asserts that FCI–Allenwood is under investigation for harsh conditions. He also references the fact that he has two young children and a mother who is in poor health, and that he has made substantial efforts at rehabilitation, including taking classes and having a job in prison.

Upon review of the facts presented by Kyler, the Court does not find that he has established extraordinary and compelling reasons warranting compassionate release. As to COVID-19, although BOP inmates faced a substantial health risk and stricter conditions during the COVID-19 pandemic, the risk posed by COVID-19 has been reduced significantly in recent years because of the availability of the COVID-19 vaccine. Although Kyler has alleged certain present deficiencies in the conditions of confinement at his prison, they do not rise to the level of extraordinary and compelling reasons. While family circumstances can sometimes establish extraordinary and compelling reasons, Kyler has not identified the kind of family hardship that is typically necessary to meet this standard, or other circumstances that otherwise do so. *See* U.S.S.G. § 1B1.13(b)(3). Finally, particularly where rehabilitation standing alone is usually insufficient to establish extraordinary and compelling reasons, *see* U.S.S.G. § 1B1.13(d), Kyler's rehabilitation efforts, while commendable, do not meet that standard either alone or in conjunction with his other articulated reasons.

## II.     18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense were serious in that Kyler was selling both drugs and firearms unlawfully. At the time of his conviction, Kyler had a lengthy criminal history, including convictions for or relating to burglary, assault, and drug distribution, that resulted in a total of 25 criminal history category points. Kyler also committed this offense while under a criminal justice sentence. As a result, the Guidelines range at sentencing was 110-137 months. Nevertheless, the Court, at the request of the parties, sentenced Kyler to an extremely lenient sentence of 78 months in part because of mitigating factors such as Kyler's history of drug

dependence. Under these circumstances, any further sentence reduction would be incompatible with the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant either compassionate release or a sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Kyler's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 85, is DENIED.

Date: September 18, 2024

THEODORE D. CHUANG  
United States District Judge